[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal under Section 12-117a of the Conn. Gen. Stat. from a decision of the Board of Tax Review of the Town of Litchfield, which upheld the January 1994 Assessor's increase of the assessed value of the plaintiff's cabin from $4,910.00 to $18,750.00, effective with the list of October 1, 1993. CT Page 13701
The court, after reviewing the evidence presented at trial on December 11, 1995 and evaluating the credibility of the witnesses, finds as follows:
1. The Town's use of "replacement cost" as its basis for assessment was appropriate and fair inasmuch as there was no other reasonable method in light of the nature of the property.
2. The Town's method of determining the "replacement cost" to be $26,890.00, as testified to by the assessor, was reasonable in that it used existing city-wide average construction costs, properly adjusted for the lack of a basement, heat and plumbing, and the presence of an unfinished attic, a fireplace and a porch and deck. Adjustment was also made for the fact that this cabin falls within the lowest classification of houses in Litchfield, and for the period in which it was built. It is true that the assessor thought that the cabin was built in 1940 instead of to actual building date of 1927, but this error did not affect the assessment because both 1927 and 1940 fall within the same general classification period used by the assessor.
3. The plaintiff carried $24,500.00 insurance on his cabin, which is not substantially different from the Town's replacement cost figure of $27,980.00. The plaintiff produced no evidence of replacement cost.
4. The fact that the plaintiff purchased the cabin in 1983 for $750.00, and the fact that the former owner stipulated in court with the Town in 1982 on a reduction of net assessment from $5,600 to $1,750, is of little or no persuasive force, because these events occurred so many years prior to 1993, and because "replacement cost" is the appropriate measure of evaluation.
The conclusion of the court is that the plaintiff has not sustained his burden of proving that the assessment of $18,750, (70% of the replacement cost) on the grand list of October 1, 1993 was excessive.
The appeal is dismissed.
RICHARD A. WALSH, J. CT Page 13702